United States Department of Justice
IMMIGRATION AND NATURALIZATION SERVICE
John F. Kennedy Federal Building
Boston, MA. 02203 ATT: Exams

**DECISION ON APPLICATION FOR NATURALIZATION**

Name and Address of Applicant

Mr. Dave P. JACKLEY
96-A Mawney Street
Providence, RI. 02907

REFER TO THIS FILE NO.: A-29 055 877
DATE: DEC 27 1994
via Certified # Z-276 646 282

## DECISION

On February 3, 1993, you appeared for an examination on your application for naturalization, which was filed on August 19, 1992 in accordance with: SECTION 319(a) of the Immigration and Nationality ACT.
Pursuant to the investigation and examination of your application it is determined that you are **ineligible** for naturalization for the following reason(s): *lack of* the requisite good moral character on account of the giving of false testimony, lack of prosecution, and failure to establish the requisite marital union for expeditious naturalization.

---SEE ATTACHED SHEET(s)---

This decision is made without prejudice toward the filing of a new application in the future. It is noted that you may be eligible to apply for naturalization again on or after: February 3, 1998.

*If you desire to request a **review hearing** on this decision pursuant to Section 336(a) of the Act, you must file a request for a hearing within **30** days of the date of this notice. If no request for hearing is filed within the time allowed, this decision is **final**. A request for hearing may be made to the District Director, with the Immigration and Naturalization Service office which made this decision, on **Form N-336**, Request for Hearing on a Decision in Naturalization Proceeding under Section 336 of the Act, together with a fee of **$110.00**. A brief or other written statement in support of your request may be submitted with the Request for Hearing.*

Any question which you have may be answered by the Service office nearest your residence, or at the address shown in the heading to this letter.

Sincerely,
[signature]
DISTRICT DIRECTOR
Charles T. COBB

*Enclosures:* Form N-336

FORM N-335 (Rev. 10/24/91)N 10-19-94

**ATTACHMENT to FORM N-335**
**A29 055 877**

Section 101(f)(6) of the Act stipulates that: "No person shall be regarded as, or found to be, a person of good moral character, who during the period for which good moral character is required to be established [*i.e.* commencing a minimum of five years preceding the filing of an application for naturalization, pursuant to Section 316(a) of the Act], is, or was (6) one who has given false testimony for the purpose of obtaining any benefits under this Act". Title Eight, Section 316.10(b)(2)(vi) of the Code of Federal Regulations [8 CFR] strictly requires that:

> An applicant shall be found to lack good moral character if during the statutory period the applicant: (vi) Has given false testimony to obtain any benefit from the Act, if the testimony was made under oath or affirmation and with an intent to obtain an immigration benefit; this prohibition applies regardless of whether the information provided in the false testimony was material...

We find that you did not testify truthfully under oath before an Immigration Examiner on February 3, 1993 at your interview regarding your instant application for naturalization benefits. On your written naturalization application, Form N-400 (Rev.07/17/91), you had omitted any direct answer to items # 15(a) and (b), Part 7 regarding any criminal charges or involvement. You wrote only that: "I was held as witness for a friend who committed a crime and was locked up and was relieved (sic.) on R.O.R. This happens (sic.) in Newark, New Jersey". When questioned orally, you testified under oath that the answer to both questions was "no", as evidenced by corrections numbered "9" and "10" of ten for which you specifically signed in the *jurat* at the conclusion of the application.

At Part 5 of the Form N-500, you wrote that your wife lived at "7 Liberty Square, Apt. 812, Lynn, MA.", the same as your own as written in Part 1. You specifically testified under oath that there had been "no separations" between you and your native-born, American Citizen wife Constance Denise Ketchen. This was labelled correction #6 for which you also signed in the concluding *jurat*.

In fact, the Service learned from the Identification Division of the Federal Bureau of Investigation in response to the fingerprint card you submitted dated January 21, 1994, that you had indeed been arrested on or about September 6, 1989 by the Newark, NJ. Police Department for "Aggravated Assault", as a *defendant* not a witness. You were confronted with the discrepancy in your testimony in items #1 and #2 of our **Form N-14** dated March 24, 1994 requiring your explanation for your failure to accurately disclose your arrest for a serious crime and submission of your court records. Your reply dated June 21, 1994 did not address the indicated items.

**ATTACHMENT to FORM N-335**
**A29 055 877**

At the conclusion of the interview and in later correspondence, the Service required you to obtain notarized affidavits from your wife on the issue of separations and also a landlord statement. The signatures of your "wife" on the affidavits dated "Feb 5,, 1993" and "January 25, 1993" (sic., context is obviously 1/25/94). The signatures were obviously discrepant from each other and also the specimens of your wife's signature on record in your file on the 1989 visa petition she had filed in your behalf and her Form G-325A Biographic Information. The landlord statement dated January 21, 1993 (apparently you had solicited this prior to our having asked) purported that you and your wife were residents at "7 Liberty Square" from "1990-1993".

On January 28, 1994, Mr. Frank Jackson, of the management company indicated on the letter you had submitted, was contacted by telephone. He stated he was the author of that letter and it had been casually prepared, as you dictated, without reference to any records. When he consulted the records at our request, he could find no evidence that your wife Constance Ketchens Jackley had ever resided at "7 Liberty Square" as you had claimed. You were listed as a resident on a co-lease with one Comfort Peters, a woman who had described herself verbally to him in the past as a Liberian and your girlfriend.

On the Form N-14 dated March 24, 1994 at items #3 and #4, you were asked to explain the signature discrepancies and furnish actual lease records. Once again your received reply was non-responsive, claiming coincidentally that your wife had disappeared sometime before you received our Form. The U.S. tax records (Form 1722) you submitted cast further doubt upon your marital union. You failed to file in 1989, when you were both married and employed; you filed "Single" in 1990; and "Married Filing Separately" in 1991, all without plausible explanation.

Section 319(a) of the Act, upon which you are relying, provides for the naturalization of a lawful permanent resident whose spouse is a citizen of the United States after only three years of residence instead of the usual five, provided the applicant: "...during the three years immediately preceding the date of filing his application has been living in marital union with the citizen spouse...". [The record indicates that you adjusted status "CR-6" at Newark on November 1, 1989.] 8 CFR 316(b) states that: "the applicant shall bear the burden of demonstrating that he or she meets all of the requirements for naturalization..."

**ATTACHMENT to FORM N-335**
**A29 055 877**

We conclude that you have given false testimony regarding your arrest record and separation(s) from your wife. You have without explanation failed to prosecute your application by not submitting all material, specific, and relevant documentation, as demanded, including evidence of your marital union. Accordingly, your application is hereby denied pursuant to 8 CFR Sections 316.10(b)(2)(vi), 335.7, 316.14(b), and 336.1(b) for lack of the requisite good moral character mandated by Section 316(a) of the Act, lack of prosecution, and failure to sustain your burden of proving continuous marital union.

------------