U.S. Citizenship
and Immigration
Services

Date: FEB 0 6 2006

200 Dyer Street
Providence, R.I. 02903

**Dave Jackley**
**P.O. Box 27715**
**Providence, RI 02908**

PLEASE REFER TO THIS FILE NUMBER
*A 29 055 877*

## DENIAL OF APPLICATION FOR NATURALIZATION

On June 21, 2005, you appeared for an examination on your application for naturalization, which was filed in accordance with Section 316 of the Immigration and Nationality Act. Pursuant to the investigation and examination of your application, this application is denied for the following reason(s): **failure to establish good moral character and a failure to establish that you were lawfully admitted for permanent residence.**

Title Eight, Section 316.2(b) of the Code of Federal Regulations (8 CFR) states that an applicant for naturalization bears the burden of establishing that he or she meets all of the requirements for naturalization, including that the applicant was lawfully admitted as a permanent resident to the United States in accordance with the immigration laws in effect at the time of the applicant's initial entry or any subsequent entry.

Section 316(a) of the INA requires in pertinent part that: No person…shall be naturalized unless such applicant,...

> (3) during all the periods referred to in this subsection has been and still is a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the U.S.

8CFR, Section 316.10 states:

> (b) *Finding of a lack of good moral character.*
>
> (1) An applicant shall be found to lack good moral character if during the statutory period the applicant:
>
> (vi) Has given false testimony to obtain any benefit from the Act, if the testimony was made under oath or affirmation and with an intent to obtain an immigration benefit; this prohibition applies regardless of whether the information provided in the false testimony was material, in the sense that if given truthfully it would have rendered ineligible for benefits either the applicant or the person on whose behalf the applicant sought the benefit;

Service records indicate that you obtained conditional resident status on November 1, 1989, based on your marriage to your U.S. citizen spouse, Constance Ketchens Jackley. In August of 1991, you filed a joint petition to remove the conditions on your status (Form I-751) with the Vermont Service Center claiming that you and your spouse were living together in marital union at '7 Liberty Square, Apt. 127' in Lynn. Massachusetts. Review of this form indicates that you claimed, at the time of filing, that you had three children, Jacqueline, DeContee, and Prince Jackley, all born prior to your marriage to Constance Ketchens. You also submitted, in support of this petition, a recent rental receipt, dated July 11, 1991, for your and your wife's occupancy of your apartment at 7 Liberty Square, a Massachusetts Electric bill, dated in July of 1991 and a New England Telephone bill, dated in June of 1991, both of which were addressed to you and your spouse at the Liberty Square address.

On August 9, 1991, this petition was prima facie approved, based on the documentation you submitted, at the Vermont Service Center. On March 30, 2005, you filed for naturalization (on Form N-400). On June 21, 2005, you appeared at this office for your naturalization interview. During the interview, you were asked, under oath, about your marital relationship with your previous United States citizen spouse, Constance Ketchens. You stated that you separated from Constance in 1990. Specifically, you stated that you left your shared residence in Newark, New Jersey, in 'July or August of 1990' because you wanted to go to school in Massachusetts. You claimed your wife never accompanied you to Massachusetts because she wanted to stay with her family in Newark.

You also revealed at this interview that you had a child, Jeremy Jackley, born on July 26, 1990. You testified that Constance Ketchens was not the mother of this child but, rather, that a woman named Comfort Vaughn was this child's mother.

You never mentioned this child on Form I-751 which you purportedly filed jointly with Constance Ketchens in August of 1991, approximately a year after you testified that she and you stopped living together. The signature on Form I-751 of Constance Ketchens has been compared to her signature on Form I-130, the visa petition she filed on your behalf in Newark, New Jersey in July of 1989. They don't match.

You submitted a recent rental receipt and two recent bills with your I-751 which indicated that you and Constance Ketchens were still living together despite the fact that you had fathered a child with another woman and despite the fact that you have recently testified that you and she stopped living together in July or August of 1990.

You were asked at your interview for naturalization in June of 2005 if you had ever lied or had given false testimony to obtain any immigration benefit. You stated that you had not. You stated that your marriage to Constance Ketchens had been a bona fide one. Based on the above, it is the opinion of the Service that it was not, and that you provided false information to the Service when filing Form I-751 in order to obtain permanent residency in the United States. It also appears that you submitted an I-751 with a forged signature on it in order to obtain an immigration benefit.

It is therefore the determination of Citizenship & Immigration Services that you lack good moral character as you stated under oath that you had never given false testimony to obtain an immigration benefit when the record indicates that you have.

Moreover, it is also the determination of Citizenship & Immigration Services that you are ineligible for citizenship as you have not demonstrated that you obtained your residence lawfully, as is required by Section 316 of the Act, as you were not living with Constance Ketchens when you filed Form I-751 although you claimed you were and provided documentary evidence to support this false claim. It has also been determined that the person who signed Constance Ketchens' signature on Form I-751 was not, indeed, Constance Ketchens. Your application is denied and it is so ordered.

Sincerely,

Denis C. Riordan

Denis C. Riordan
District Director