**U.S. DEPARTM[illegible] OF HOMELAND SECURITY**

U.S. Citizenship and Immigration Services

**DECISION ON NATURALIZATION APPEAL PROCEEDINGS**

**Date:** JAN 2 4 2007

*200 Dyer St.*
*Providence, RI 02903*

PLEASE REFER TO THIS FILE NUMBER
**A29 055 877**

**Dave Jackley**
**PO Box 27715**
**Pawtucket, RI 02907**

## DECISION

On June 21, 2005, you appeared for an examination on your application for naturalization, which was filed in accordance with Section 316(A) of the Immigration and Nationality Act. Your application was denied on February 2, 2006 for lack of good moral character. You subsequently filed a Request for Hearing on a Decision Naturalization Proceedings (Appeal Form N-336) on March 8, 2006. Your Appeal on Form N-336 is hereby dismissed.

On August 3, 2006 you appeared for an interview on your appeal application. It was determined at this hearing that you lack the necessary good moral character, as mandated by Section 316 of the Act, for naturalization. Specifically, it has been determined that, you gave false testimony in an attempt to gain an immigration benefit when you completed your N-400 application and during your N-400 interview on June 21, 2005.

Title Eight, Section 316.10(a)(1) of the Code of Federal Regulations states that an applicant for naturalization bears the burden of demonstrating that he or she has been and continues to be a person of good moral character. Title Eight, Section 316.10 (b)(2)(vi) of the Code of Federal Regulations states than an applicant shall be found to lack good moral character, if the applicant has given false testimony to obtain any benefit from the Act, if the testimony was made under oath or affirmation and with an intent to obtain an immigration benefit.

It has been determined that you gave false testimony on your N-400 application by giving false testimony during your interview on June 21, 2005 when you stated under oath and on your application that you have never given false or misleading information to any government official when applying for any immigration benefit. There is ample evidence that you gave false information on your application to remove the conditions on your status (Form I-751). You also stated at your N-400 interview that you had never given false testimony for an immigration benefit, when it appears that you did in regard to your I-751. On your N-336 you stated that you did not mention your child Jeremy Jackley on the I-751, because his birth on July 26, 1990 was after you had filed the application. In fact, you signed the application on July 29, 2001. You also state that you did not realize that you had to state if your N-400 was previously denied. The denial for the current N-400 does not refer to you not admitting that your previous N-400 was denied. Your previous N-400 denial for false testimony in a different area than the current N-400 does indicate a continuing pattern of a lack of credibility. Your application is denied.

This decision constitutes a **final administrative denial** of your naturalization application. You have the right to file a petition for review in the United States District Court having jurisdiction over your place of residence in accordance with Chapter 7, Title 5, of the United States Code within a period of not more than 120 days after the Service's final determination.

Sincerely,

Denis C. Riordan

Denis C. Riordan CK
District Director

cc: